**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Yves Pham,

Plaintiff

v.

Adam Higginbotham, et al.,

Defendants

Case No.: 2:26-cv-03309-JAD-DJA

**Order Denying Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction and Vacating Hearing**

[ECF No. 9]

Plaintiff Yves Pham sues Nevada State Board of Dental Examiners executive director Adam Higginbotham, general counsel Andrea Barraclough, and administrative manager Arielle Cymerman for violations of her First and Fourteenth Amendment rights. She moves for a temporary restraining order (TRO) and preliminary injunction prohibiting the defendants from "taking an action, vote, or discussion" on a disciplinary complaint against her at the Board's October 28, 2026, meeting. I find that Pham hasn't shown a likelihood of success on the merits of her claims related to her disciplinary proceedings, so I deny the motions and vacate the October 26, 2026, hearing.

## Background[1]

In 2024, a dental patient of Pham's filed an administrative complaint against her, alleging that she failed to properly perform an extraction and grafting procedure. The next year, the Board began investigating the complaint and offered Pham two stipulated agreements to resolve

[1] I have thoroughly reviewed the complaint, the briefs, and the evidence that the parties submitted for consideration of Pham's TRO motion. This truncated summary of the facts is merely to provide an overview of the parties' controversy. I've considered all facts, even if they are not recounted here.

it, but Pham rejected both. During the administrative-complaint process, Pham "submitted comprehensive administrative oversight disclosures" to governmental offices documenting the Board's alleged "structural statutory non-compliance, arbitrary fee-scaling procedures under [Nevada Revised Statute (NRS)] 622.400, metric falsification under NRS 622.100, and procedural irregularities with the Board's disciplinary operations."[2] She alleges that her submission is protected First Amendment activity. After she submitted those disclosures, the Board initiated an audit against Pham that threatened to delay the renewal of her dental license.[3] That audit lasted about two weeks, and the Board ultimately concluded that Pham was compliant with her license requirements.[4]

Meanwhile, the Board continued investigating and communicating with Pham about her patient's administrative complaint. Pham's case was evaluated by a review panel, and the Board offered another stipulated agreement to resolve the disciplinary proceedings.[5] In September 2026, the Board's general counsel Andrea Barraclough reached out to Pham's counsel, asking if Pham had made a decision on the stipulated agreement and acknowledging that if it was not accepted, the matter would be placed on a future board-meeting agenda.[6] Barraclough explained that, if Pham "needs more time to consider whether she wants to go the administrative hearing route," the matter could be pushed "to the next Board agenda in October."[7] Pham's lawyer told

---

[2] ECF No. 1 at ¶¶ 42–43.

[3] *Id.* at ¶¶ 85–102.

[4] *Id.* at ¶ 103.

[5] *Id.* at ¶¶ 129–33.

[6] ECF No. 12 at 46.

[7] *Id.*

Barraclough to "go ahead and push this matter to the October Board agenda as offered" and that he would "update [her] regarding [Pham's] position in due course."[8]

On October 15, 2026, the Board published the official Board meeting agenda for October 28, 2026, and formally noticed "an active Board vote to authorize general counsel to draft, file, and serve a formal complaint" against Pham.[9] Pham moves for a temporary restraining order and preliminary injunction preventing them from taking any action on that agenda item.[10]

## Discussion

Temporary restraining orders and preliminary injunctions are "extraordinary" remedies "never awarded as of right."[11] The Supreme Court clarified in *Winter v. Natural Resources Defense Council, Inc.* that, to obtain an injunction, plaintiffs "must establish that [she is] likely to succeed on the merits, that [she is] likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [her] favor, and that an injunction is in the public interest."[12] The Ninth Circuit recognizes an additional standard: if "plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiffs' favor,' and the other two *Winter* factors are satisfied."[13] Under either approach, the starting point is a merits analysis.

---

[8] *Id.*

[9] ECF No. 9 at 7.

[10] *Id.* at 29.

[11] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

[12] *Id.* at 20.

[13] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

To prevail on a First Amendment retaliation claim, a plaintiff must show that "(1) [s]he was engaged in a constitutionally protected activity, (2) the defendant[s'] actions would chill a person of ordinary firmness from continuing to engage in the protected activity and (3) the protected activity was a substantial or motivating factor in the defendant[s'] conduct."[14] Pham has not shown that she is likely to succeed on the merits because the record does not support a finding that her protected speech was a substantial or motivating factor for the Board's continuation of its disciplinary proceedings against her. The initiation of the disciplinary process began in 2024—well before she engaged in protected activity—and none of the disciplinary-process actions she complains of suggest that they were motivated by retaliatory animus. The record also does not support a finding that her matter's inclusion on this month's Board meeting was retaliatory; rather, Pham's counsel agreed that it should be added to that agenda if Pham didn't resolve the matter before then.

After considering the entire record, I cannot conclude that Pham is likely to succeed in showing that the continuation of the disciplinary proceedings—in a manner expected by the parties—was a retaliatory act. I am also persuaded by the defendants' contention that, even if Pham could succeed on the merits, she is suing parties who do not have the power or authority to prevent the Board from acting on a disciplinary proceeding.[15] So, because I find that Pham is not

---

[14] *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (quoting *Pinard v. Clatskanie Sch. Dist.*, 467 F.3d 755, 770 (9th Cir. 2006)). Pham has other claims, but she moves for injunctive relief on her retaliation claim only.

[15] *See* ECF No. 6–10. Much of Pham's motion is devoted to arguing that the Board's audit and potential interference with her license renewal violated her First Amendment rights. *See* ECF No. 9 at 21–23. But Pham concedes that the Board "closed the ad hoc [continuing-education] audit," so there is no injunctive relief available to her related to those allegations. And I do not find that Pham is likely to succeed on the merits of her claim that her disciplinary proceedings are retaliatory because they were ongoing at the same time that the Board conducted the audit.

likely to succeed on the merits of her First Amendment retaliation claim, I deny her motion for injunctive relief.[16]

**Conclusion**

IT IS THEREFORE ORDERED that Yves Pham's motion for a temporary restraining order and preliminary injunction **[ECF No. 9] is DENIED**, and the hearing set for 10:00 a.m. on Monday, October 26, 2026, is **VACATED**.

U.S. District Judge Jennifer A. Dorsey
October 23, 2026

[16] The parties raise several other arguments in support of and against Pham's claims. I do not address those now, as those issues will be better resolved through motions that proceed on a non-expedited briefing schedule.